UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENESIS DIAZ,

                              Plaintiff,

    v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION

                              Defendant.

No. 22-CV-2256 (KMK) (VR)

ORDER ADOPTING REPORT &
RECOMMENDATION

---

KENNETH M. KARAS, United States District Judge:

     Genesis Diaz ("Plaintiff") brings this Action against the Acting Commissioner of Social Security ("Defendant" or the "Commissioner"), pursuant to 42 U.S.C. § 405(g), challenging the decision of an administrative law judge ("ALJ") to deny her application for disability insurance benefits and supplemental security income under the Social Security Act. (*See* Compl. (Dkt. No. 1).) On March 25, 2022, the Court referred the case to Magistrate Judge Paul E. Davison; the case was subsequently redesignated to Magistrate Judge Victoria Reznik ("Judge Reznik"). (*See* Dkt. No. 5.) Plaintiff and Defendant both moved for judgment on the pleadings. (*See* Dkt. Nos. 10, 12.) On August 15, 2023, Judge Reznik issued a thorough Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's Motion for Judgment on the Pleadings ("Plaintiff's Motion") and grant Defendant's Cross-Motion for Judgment on the Pleadings ("Defendant's Motion"). (*See* R&R 35 (Dkt. No. 16).) Plaintiff filed Objections to the R&R on August 21, 2023, (*see* Pls.' Objs. to the R&R ("Pl.'s Objs.") (Dkt. No. 17)), and Defendant filed a Response on September 18, 2023, (*see* Def.'s Resp. to Pl.'s Objs. ("Def.'s Resp.") (Dkt. No.

20)).  For the reasons discussed below, the Court adopts the result recommended in the R&R and overrules Plaintiff's Objections.

I.  Discussion

A.  Standard of Review

1.  Review of a Report and Recommendation

A district court addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge."  28 U.S.C. § 636(b)(1).  Pursuant to § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

When a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, so long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Rogers v. Astrue*, 895 F. Supp. 2d 541, 547 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)(2)).  "[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."  *Caidor v. Onandaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citation omitted); *see also Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517 (S.D.N.Y. 2013) (refusing to consider objections filed one day late).  Moreover, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing

2

of the same arguments set forth in the original papers will not suffice to invoke de novo review [of the magistrate's recommendations]." *Belen v. Colvin*, No. 14-CV-6898, 2020 WL 3056451, at *2 (S.D.N.Y. June 9, 2020) (alteration, citation, and italics omitted); *see also George v. Pro Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 434 (S.D.N.Y. 2016) (same).

### 2.  Review of a Social Security Claim

In evaluating a social security claim, the reviewing court does not determine for itself whether the plaintiff was disabled and therefore entitled to social security benefits.  *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("[W]e do not substitute our judgment for the agency's, or determine de novo whether the claimant [was] disabled." (citations, quotation marks, alterations, and italics omitted)).  Instead, the reviewing court considers merely "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004).  Accordingly, a court may overturn an ALJ's determination only if it was "based upon legal error" or "not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)); *see also Cage*, 692 F.3d at 122 ("[W]e conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision." (alteration in original) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009))).  "Substantial evidence, however, is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rosa*, 168 F.3d at 77 (quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (same).  In considering whether substantial evidence supports the ALJ's decision, the reviewing court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted).

In determining whether a claimant is entitled to disability insurance benefits, the ALJ follows a five-step analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, [the] claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity [("RFC")] to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1179–80 (2d Cir. 1998)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v). The claimant bears the burden of proof for the first four steps. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If, however, the claimant proves that her impairment prevents her from performing her past work, the burden shifts to the Commissioner at the fifth step. *See id.* There, the Commissioner must prove "that there is other gainful work in the national economy that [the claimant] could perform." *Kamerling v. Massanari*, 295 F.3d 206, 210 (2d Cir. 2002). If the ALJ determines that a "significant numbers of jobs exist in the national economy that the claimant can perform," *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014), the ALJ must deny disability insurance benefits to the clamant, *see* 20 C.F.R. § 404.1520(a)(4)(v).

4

B. Analysis

The Court adopts the recitation of facts set forth by Judge Reznik in the R&R, (*see* R&R), and assumes the Parties' familiarity with it. The Court will repeat only those facts relevant to the consideration of Plaintiff's Objections. The facts are taken from the administrative record ("R.") of the Social Security Administration, filed by the Commissioner on July 11, 2022. (Dkt. Nos. 9, 9-1.)

Plaintiff objects to two of Judge Reznik's recommended findings: (1) that the ALJ properly evaluated the medical opinion evidence and properly determined Plaintiff's mental residual functional capacity and (2) that the ALJ properly evaluated Plaintiff's subjective statements. (*See generally* Pl.'s Objs.)[1] The Court will address each of these contentions in turn.

1. Medical Opinion Evidence

a. NP Alexandre

Judge Reznik noted that "the ALJ reviewed the medical evidence and opinion of treating specialist NP Alexandre, who opined that Plaintiff suffered from 'marked limitations' in two areas, 'moderate to marked' limitations in seven areas, and that Plaintiff would miss work because of these limitations 'two to three times per month.'" (R&R 21 (citing R. 391–92).) Judge Reznik found that the ALJ did not err in finding NP Alexandre's medical opinion

---

[1] Several of Plaintiff's arguments in her Objection reiterate her Memorandum of Law in Support of Her Motion for Judgment on the Pleadings. (*Compare, e.g.,* Pl.'s Mem. of Law in Supp. of Mot. for J. on the Pld. (Dkt. No. 10), *with* Pl.'s Objs.).) Where a plaintiff merely reiterates arguments made in previous filings, the Court may review the R&R for clear error. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly–Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that a court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge). However, out of an abundance of caution, the Court has done a de novo review.

5

unpersuasive in assessing the severity of Plaintiff's impairment and her RFC. (*Id*.) When evaluating the persuasiveness of medical opinions, pursuant to 20 C.F.R. § 404.1520c(c), the Commissioner will consider the following five factors:

> (1) supportability; (2) consistency; (3) relationship of the source with the claimant, including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and whether the relationship is an examining relationship; (4) the medical source's specialization; and (5) other factors, including but not limited to evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA] disability program's policies and evidentiary requirements.

*Acheampong v. Comm'r of Soc. Sec.*, 564 F. Supp. 3d 261, 266 (E.D.N.Y. 2021) (internal quotation marks omitted). The ALJ must address the first two factors, supportability and consistency, but is not required to address the remaining factors. 20 C.F.R. § 404.1520c(b). For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c). For consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.*

Plaintiff argues that, as to NP Alexandre's opinion, the ALJ "failed to mention how opinions from the treating medical source were evaluated under the factors of supportability and consistency, preventing meaningful review of his findings." (Pl.'s Objs. 2.) Plaintiff contends that Judge Reznik's "findings go far beyond the conclusions made by the ALJ, and therefore, should not be the basis for affirming the Commissioner's decision." (*Id*.)

6

Judge Reznik limited her consideration to the ALJ's findings and the evidence the ALJ cited in support of his findings regarding the supportability and consistency of NP Alexandre's opinion. (R&R 22–23.) First, Judge Reznik observed that the ALJ found NP Alexandre's opinion to be "somewhat supported" by treatment history and progress notes "showing depressive thought content and impairment in concentration and attention," but that the ALJ continued to explain that "NP Alexandre's progress notes elsewhere indicated that Plaintiff was 'cooperative, had intact thought process, judgment and insight, and that thought content and cognition were within normal limits.'" (R&R 23 (citing R. 27).) In addition, Judge Reznik considered the ALJ's finding that NP Alexandre's assessment of marked limitations was inconsistent with the record. (*Id.*) Finding the conclusion to be a proper one, Judge Reznik cited the evidence relied upon by the ALJ that demonstrated the inconsistency:

1. during consultative examination, Plaintiff was dressed appropriately, had good hygiene and grooming, fluent and clear speech, and appropriate eye contact;
2. Plaintiff had coherent and goal directed thought process, she was oriented, and her attention and concentration were intact; and
3. Plaintiff's hospitalizations were tied to substance use, she had an interview with NYPD as a school safety agent, she pursued vocational training, and she was not taking medications, and she was advised to get therapy.

(*Id.* (citing R. 27).) Accordingly, Judge Reznik considered the ALJ's findings that NP Alexandre's opinion was not persuasive, did not rely on reasoning that went beyond the ALJ's rationale, and properly rejected Plaintiff's argument, reiterated in the objections (Pl.'s Objs. 2), that the ALJ provided only conclusory reasoning. Indeed, the ALJ explained how he considered NP Alexandre's opinion under the factors of supportability and consistency as required by 20 C.F.R. §§ 404.1520c, 416.920c.

Plaintiff also argues that NP Alexandre provided detailed explanation for her opinion, specifying that they were based on Plaintiff's PHQ-9 and GAD-7 scores, and the reports of

7

symptoms of depression, anxiety, abnormal affect, feelings of guilt or worthlessness, hostility or irritability, difficulty thinking or concentrating, paranoia, loss of interests, psychomotor abnormalities, hallucinations, and sleep disturbances. (Pl.'s Objs. 3–4.) [2] Plaintiff argues that NP Alexandre based her opinion on clinical findings—while "obviously aware of the 'normal' findings she did not find them clinically significant in light of the overall picture," argues that some normal findings are not incompatible with a mental disability because in the "context of mental status examinations [there will always be] at least some normal or mild findings unless the claimant is floridly psychotic," and notes that an individual's mental status can wax and wane depending on many factors. (Pl.'s Objs. 3–6 (citations omitted).)[3] However, as Judge Reznik

---

[2] Defendant notes that

> Plaintiff relies on findings of an abnormal affect and hostility or irritability, which were reported during a hospitalization for substance abuse, and otherwise found on one other occasion. Obj. 4 (citing 330, 320, 374, 379). She notes complaints of paranoia and loss of interest which were recorded on a single occasion, Obj. 4 (citing R. 374), and a finding of psychomotor abnormalities which was contained in the report of NP Alexandre's opinion, but not mentioned in the treatment record, Obj. 4, (citing R. 389).

(Def.'s Resp. 5–6.)

[3] Plaintiff additionally notes that "[i]f the ALJ had concerns or questions, he should have ordered a medical expert to explain or address these findings or he should have asked counsel to contact the treating N.P. for an explanation." (Pl.'s Objs. 4.) Plaintiff raises this argument for the first time in her objection, however "district courts generally refuse to consider such arguments in order to avoid undermin[ing] the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments." *Guerrero v. Comm'r of Soc. Sec.*, No. 16-CV-3290, 2017 WL 4084051, at *4 (S.D.N.Y. Sept. 13, 2017) (citation and quotation marks omitted). Additionally, an ALJ is not required to further develop the record where the present evidence suffices for an ALJ to make a determination. *See Rosa*, 168 F3d at 79 n.5 (noting that where there are no obvious gaps in the record and where the ALJ possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim); *Nicoletti v. Comm'r of Soc. Sec.*, No. 20-CV-5141, 2022 WL 4592902, at *3 (S.D.N.Y. Sept. 30, 2022) (noting ALJ was not required to further develop record where the evidence present was sufficient for the ALJ to make a determination).

noted, the standard is not whether substantial evidence supports Plaintiff's argument, but whether substantial evidence supports the ALJ's decision. (R&R 26 (citing *Morgan v. Comm'r of Soc. Sec.*, No. 20-CV-7124, 2022 WL 1051177, at *9 (S.D.N.Y. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 704013 (S.D.N.Y. Mar. 9, 2020)). Indeed, "[e]ven where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Aguirre v. Saul*, 568 F. Supp. 3d 477, 482 (S.D.N.Y. 2021); *see also Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) (summary order) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it.").

Here, the ALJ did not ignore evidence of depression or other findings as Plaintiff suggests. Rather, as Judge Reznik noted, the ALJ observed that Plaintiff did suffer from depression and impaired concentration and attention. (R&R 26 (citing R. 24).) He also acknowledged Plaintiff's testimony about lack of concentration and focus, daily depression, and reported symptoms of anxiety, (R. 20–23), as well as Plaintiff's reports of hallucinations and reports of difficulty falling asleep, (R. 24). In addition to the Plaintiff's course of treatment, the ALJ looked to NP Alexandre's progress notes, which state that Plaintiff was cooperative, had thought content and cognition within normal limits, and had an intact thought process, judgment, and insight. (R. 27.) The ALJ also considered that the Plaintiff's hospitalizations were tied to substance use, that she had an interview with the NYPD as a school safety agent, and that she participated in vocational training to become a medical assistant. (*Id.*)

Indeed, the ALJ rightfully determined how well-supported NP Alexandre's opinion was by examining relevant objective medical evidence and supporting explanations, and considered

9

the consistency of the opinion with evidence from other medical and nonmedical sources.[4] Plaintiff's claim that the ALJ reached a conclusion only by disregarding the findings that supported NP Alexandre's opinion cannot be reconciled with the ALJ's decision, which carefully considered the evidence that both supported and detracted from her opinion. As Plaintiff has not shown that no reasonable factfinder could have reached an outcome similar to the one reached by the ALJ, the ALJ's decision should be upheld. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (holding that the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude otherwise*").

Plaintiff additionally reiterates her argument, rejected by Judge Reznik, that the ALJ erred in finding that NP Alexandre's opinion was inconsistent with Plaintiff's conservative course of treatment, which did not require hospitalization except when preceded by substance abuse. (Pl.'s Objs. 6–8; R&R 24–25.) Plaintiff's reliance on *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008), is misplaced. In *Burgess*, the Second Circuit, applying the former treating physician rule, held the opinion of a treating source could not be discounted merely because he recommended a conservative treatment regimen, and the ALJ could not impose his own notion that the severity of a physical impairment directly correlated with the intrusiveness of the medical treatment ordered. *Id.* But the Second Circuit went on to state, "[t]he fact that a patient takes only over-the-counter medicine to alleviate her pain may, however, help to support the Commissioner's conclusion that the claimant is not disabled if that fact is accompanied by other substantial evidence in the record, such as the opinions of examining physicians and a negative

---

[4] For example, the ALJ properly considered the report of the consultative examiner that Plaintiff's attention and concentration were intact, and that despite the difficulties NP Alexandre assessed, Plaintiff acknowledged that she attended vocational training daily without problem. (R. 23, 27.)

MRI." *Id.* (citation omitted).  Thus, *Burgess* did not hold, even under the former more deferential standard for assessing medical opinion evidence, that an ALJ many never consider conservative care, but rather that it is properly considered along with other evidence in the record.  *See also Selimaj v. Comm'r of Soc. Sec.*, No. 17-CV-3389, 2019 WL 1417050, at *9 (S.D.N.Y. 2019) ("Although it is true that an ALJ 'may not impose [her] . . . notion[ ] that the severity of a[n] . . . impairment directly correlates with the intrusiveness of the medical treatment ordered,' it is evident here that the ALJ considered Plaintiff's treatment collectively with the other evidence in the record." (citation omitted) (citing *Burgess*, 537 F.3d at 129)).  And here, as Judge Reznik observed, the ALJ considered other evidence in addition to Plaintiff's conservative care, namely NP Alexandre's progress notes indicating that Plaintiff was cooperative, had thought content and cognition that were within normal limits, and had intact thought process, judgment and insight.  (R&R 24 (citing R. 27).)  As Judge Reznik notes, the ALJ also considered other nonmedical evidence including that Plaintiff had interviewed for a NYPD school safety agent position and participated in vocational training to become a medical assistant.  (*Id*. at 25 (citing R. 27).)

Plaintiff additionally argues that Judge Resnik erred in determining that the ALJ properly considered evidence Plaintiff engaged in some activities of daily living to reject NP Alexandre's opinions.  (*See* Pl.'s Objs. 8–9.)  "[J]ust because Plaintiff has engaged in some activities of daily living and wants to obtain a job on a full-time basis and attempted to do so, this does not mean she could obtain and maintain employment." (*Id*. at 8.)  However, as Judge Reznik found, the ALJ properly questioned the medical opinion evidence because it was inconsistent with Plaintiff's self-reported activities, including applying for jobs and attending vocational training.  (R&R 25–26.); *See also Brush v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 241, 261–62 (S.D.N.Y.

11

2018) (holding doctor's opinion of moderate to marked limitations in most areas of mental functioning were unsupported by his own record that included the plaintiff's statements that she was applying for jobs); *Rivera v. Comm'r of Soc. Sec.*, No. 16-CV-8874, 2017 WL 5633313, at *9 (S.D.N.Y. Oct. 31, 2017), *report and recommendation adopted by* 2017 WL 5633159 (S.D.N.Y. Nov. 21, 2017) (holding the ALJ properly found treating physician's opinion was not controlling because it conflicted with other evidence including the claimant's own testimony that she was able to attend classes regularly and complete the course requirements).

### b.  Dr. Carr

Plaintiff objects to Judge Reznik's recommendation that the ALJ's failure to explain why he did not adopt Dr. Carr's findings of "moderate to marked" limitations "regulating her emotions, controlling her behavior, and maintaining well-being" in the determination of RFC, was harmless.  (Pl.'s Objs. 10.)  Judge Reznik found that the ALJ's imposed RFC limitations account for Dr. Carr's finding, therefore any error was harmless.  (R&R 29.)

A claimant's RFC is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p).  When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as . . . your residual functional capacity . . . the final responsibility for deciding these issues is reserved to the Commissioner.").

The ALJ imposed an RFC with limitations and stated that Plaintiff could perform a full range of work at all exertional levels but with the following non-exertional limitations:

   1. Cannot work at unprotected heights or around dangerous machinery
   2. Can do simple and routine work not production rate pace
   3. Can interact with and react appropriately with supervisors and coworkers on an occasional basis, but is limited to no more than superficial interactions with the general public.

(R. 22.) Plaintiff argues that "[n]o obvious logical bridge exists between Dr. Carr's opinion that Plaintiff has difficulty regulating her emotions and the finding that she should not work around hazards or at a particular pace with some restrictions working with others." (Pl.'s Objs. 10.)

An "ALJ can account for moderate mental impairments, including moderate (or even marked) impairment in the claimant's ability to adapt and manage herself, through an RFC containing non-exertional limitations." *Jacqueline O. v. Comm'r of Soc. Sec.*, No. 21-CV-02468, 2022 WL 6564679, at *4 (S.D.N.Y. Sept. 2, 2022), *report and recommendation adopted*, 2022 WL 4463845 (S.D.N.Y. Sept. 26, 2022). In *Jacqueline O.*, which Judge Reznik relied upon, limitations similar to those found by the ALJ here—a limitation to simple and routine work that was not performed at a production rate; occasional contact with co-workers and superficial contact with the general public—were found to fairly account for moderate-to-marked limitations in adapting or managing oneself. *Id.* at *1, 4. Accordingly, the ALJ adequately accounted for Dr. Carr's assessment. *See also Richard B. Comm'r of Soc. Sec.*, No. 20-cv-585, 2021 WL 4316908, at *8 (W.D.N.Y. Sept. 23, 2021) (finding that consultative examiner's opinion that the plaintiff had marked limitations in ability to regulate emotions, control behavior, and maintain well-being was fairly incorporated into RFC limiting the plaintiff to simple and low stress work with no independent decision-making or goal setting, no strict production quotas, and minimal changes in routine and processes); *Hill v. Comm'r of Soc. Sec.*, No. 18-CV-1161, 2020 WL 836386, at *4–5 (W.D.N.Y. Feb. 20, 2020) (finding that limitation to simple and routine

tasks, simple work-related decisions, and only occasional interaction with others adequately accommodated marked limitations in a claimant's ability to adapt and manage oneself).

Dr. Carr also assessed moderate limitations in the area of Plaintiff's ability to sustain concentration and perform a task at a consistent pace. (R. 363.) Judge Reznik rejected Plaintiff's argument that the ALJ erred by failing to account for these moderate limitations in the RFC because Dr. Carr's opinion was inconsistent with the State agency expert Dr. Juriga, who assessed that Plaintiff's ability to maintain attention and concentration and sustain attendance were not significantly limited. (R&R 29 n. 18 (citing R. 87).) Judge Reznik further noted that Dr. Juriga's findings comported with Plaintiff's own testimony that from January through May 2019, she maintained perfect attendance at her medical assistant class that met every weekday. (*Id*. (citing R. 55–56).) Judge Reznik concluded that a remand is unnecessary to determine the degree to which Plaintiff had limitations in maintaining attendance and staying on task because there is ample support in the record for the ALJ's finding, including Plaintiff's attendance record and her testimony that she did "not really" have any trouble handling the work because it was "pretty straightforward." (*Id.* (citing R. 55–56).) Accordingly, notwithstanding whether the ALJ adequately explained how he considered Dr. Carr's opinion, there was other substantial evidence that supported the RFC with respect to Plaintiff's ability to stay on task sufficiently well to perform unskilled work. At the least, "there was substantial evidence to support the ALJ's RFC even if there was also substantial evidence to support a contrary conclusion." *Morales v. Berryhill*, 484 F. Supp. 3d 130, 149 (S.D.N.Y. 2020).

In any event, Dr. Carr's opinion that Plaintiff had moderate limitations in concentration and ability to perform at a consistent pace is consistent with the ALJ's RFC. *See Zabala v. Astrue,* 595 F.3d 402, 410 (2d Cir. 2010) (holding that where record showed nothing more than

14

moderate limitations in the claimant's mental functioning, the ALJ's determination that she retained the ability to perform her past unskilled work was well-supported); *McMillian v. Comm'r of Soc. Sec.*, No. 20-CV-7626, 2022 WL 457400, at *6 (S.D.N.Y. Feb. 15, 2022) ("[A] moderate limitation in the area of concentration, persistence, or pace does not preclude the ability to perform unskilled work."); *Gonzalez v. Saul*, No. 19-CV-346, 2021 WL 37695, at *6 (W.D.N.Y. Jan. 5, 2021) (affirming ALJ where Plaintiff had a moderate limitation in concentration and attention and understanding simple directions and instructions and the ALJ limited claimant to simple routine tasks); *Morales*, 484 F. Supp. 3d at 149 (finding that a moderate limitation in the area of concentration, persistence, or pace is not inconsistent with an RFC to perform simple work).[5]

### 2. Plaintiff's Subjective Statements

Plaintiff argues that the "ALJ failed to connect" his findings regarding "(1) objective medical evidence; (2) Plaintiff's activities of daily living; (3) [Plaintiff's] course of treatment; and (4) conflicting statements made by Plaintiff to keep her driver's license" "with his conclusion that Plaintiff's statements are not supported." (Pl.'s Objs. 12.)

Under the regulations, the ALJ first considers whether there is a medically determinable impairment that could reasonably be expected to produce the pain or other symptoms alleged. 20 C.F.R. § 404.1529(b), 416.929(b). Second, if the ALJ finds such an impairment, then the ALJ

---

[5] Plaintiff additionally objects to Judge Reznik finding no error in the ALJ accepting opinions from a non-examining state agency consultant because opinions from a non-examining consultant may be substantial evidence when they are credited "in conjunction with" opinions from a consultative examiner, such as Dr. Carr in this case. (Pl.'s Objs. 12; R&R 31-32.) Plaintiff argues that because Dr. Carr found Plaintiff has greater limitations than the non-examining consultant, the opinions from the non-examining consultant are not credited "in conjunction with" opinions from an examining consultant. (Pl.'s Objs. 12.) Plaintiff cites no case law for the proposition that such consideration—even if the two opinions are not identical but have some overlapping findings—is not appropriate.

must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit her capacity to work. 20 C.F.R. §§ 404.1529(c), 416.929(c). At this step, the ALJ considers the objective evidence and other evidence including the claimant's daily activities; location, duration, frequency and intensity of symptoms; precipitating and aggravating factors; the type dosage, effectiveness and side of effects of medications; any treatment, other than medication, that the claimant has received; any other measures the claimant employs to relieve symptoms; and other factors concerning the claimant's functional limitations and restrictions as a result of the symptoms. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

As Judge Reznik observed, the ALJ specifically stated that Plaintiff's statement regarding the severity of her symptoms was inconsistent with the objective findings and that he considered the other non-medical factors listing them as follows in the decision:

> the claimant's activities; the nature of the symptoms; precipitating and aggravating factors; the medications and any side effects; other treatment followed and measures used to relieve the symptoms; and any other factors concerning functional limitations and restrictions.

(R&R 34 (quoting R. 23).) Here, Judge Reznik took note of the ALJ's multi-paragraph recantation of the record evidence, in which he addressed Plaintiff's daily activities by noting Plaintiff was in vocational school, training to become a medical assistant; the frequency of Plaintiff's symptoms by noting how, at times she experienced auditory hallucinations every other day and visual hallucinations three times a month, but also that she had been observed to be symptom-free; that smoking marijuana was a precipitating factor and Risperidone had been prescribed with good effect. (R&R 34–35 (citing R. 23–24).) Judge Reznik correctly determined that the ALJ's decision, including his discussion of the medical opinion evidence and treatment record, supported the determination not to credit Plaintiff's subjective statements about

16

the severity of her symptoms. (R&R 35.) *See Hall v. Kijakazi*, No. 20-CV-7320, 2022 WL 6250384, at *13 (S.D.N.Y. Jan. 25, 2022), *report and recommendation adopted by* 2022 WL 4592913 (S.D.N.Y. Sept. 30, 2022) (noting an ALJ was "not required to accept a claimant's testimony about her symptoms without question," and was entitled to exercise discretion in weighing symptoms in light of the other evidence in the case record (quoting *Martes v. Comm'r of Soc. Sec.*, 344 F. Supp. 3d 750, 762 – 63 (S.D.N.Y. 2018)).[6]

## II. Conclusion

For the foregoing reasons, the Court adopts Judge Reznik's R&R, denies Plaintiff's Motion for Judgment on the Pleadings, and grants Defendant's Motion for Judgment on the

---

[6] Plaintiff argues that the ALJ's consideration of "conflicting statements from Ms. Diaz regarding her wanting to keep her driver's license are irrelevant as the statements do not relate to the claimant's functioning." (Pl.'s Objs. 13.) Plaintiff argues that "[w]hile such evidence may have been relevant under Social Security Ruling ('SSR') 96-7p, which formerly directed ALJ's to evaluate a claimant's credibility when evaluating subjective statements, SSR 16-3p superseded SSR 96-7p and instructs ALJs to make determinations regarding a claimant's subjective statements based only on evidence regarding specific symptoms and limitations relate to the claimant's medical impairments, not based on issues that are relevant to the claimant's 'credibility.'" (*Id.*) While SSR 96-7p placed a "stronger emphasis on the role of the adjudicator" to make a credibility finding of a claimant's statements pertaining to their symptom(s) and its functional effects, the newer SSR 16-3p sets forth "a more holistic analysis of the claimant's symptoms, and 'eliminates the use of the term credibility' from sub-regulation policy." *Acosta v. Colvin,* No. 15-CV-4051, 2016 WL 6952338 at *18 (S.D.N.Y. Nov. 28, 2016) (alteration omitted). Under SSR 16-3p, when evaluating a claimant's symptom intensity, "[t]he ALJ must consider the entire case record, including objective medical evidence, a claimant's statements about the intensity, persistence, and limiting effects of symptoms, statements and information provided by medical sources, and any other relevant evidence in the claimant's record." *Vered v. Colvin*, No. 14-CV-4590, 2017 WL 639245, at *15 (E.D.N.Y. Feb. 16, 2017) (citing SSR 16-3P). As the ALJ provided other reasons that are supported by substantial evidence, even if the consideration of the driver's license statements was improper, it was harmless. *Waldvogel v. Comm'r of Soc. Sec.*, No. 16-CV-0868, 2017 WL 3995590, at *11 (N.D.N.Y. Sept. 11, 2017) ("Whether or not some of the ALJ's reasons for the credibility finding are unsupported or erroneous, any such errors would be harmless since the ALJ provided other proper reasons that are supported by substantial evidence for that finding. . . . [B]ecause the ALJ has provided multiple reasons supported by substantial evidence, the credibility assessment must be upheld and remand is not warranted on this basis.").

Pleadings. The Clerk of Court is respectfully directed to terminate the pending Motions, (*see* Dkt. Nos. 10, 12), enter judgement for Defendant, and close this case.

SO ORDERED.

Dated:  September 29, 2023
        White Plains, New York

_____
KENNETH M. KARAS
United States District Judge